fore, nothing in either the *Woodward* or *Mitchell* cases conclusive of the issue presented here.

In this appeal the taxpayer followed one of the two alternative bases provided by statute for keeping accounts and making returns of income. He claimed a deduction which can only be justified under the other alternative basis. In our opinion, to allow such a deduction would result in a distortion of the result of the income of the taxpayer for the year in question and would lead to the inevitable conclusion that Congress, instead of providing for two alternative bases for reporting income, each complete in itself, provided for alternative bases with respect to the reporting of *items* of income and the taking of *items* of deductions. Such a holding would be inconsistent with the specific language of Congress in sections 200 and 212 and wholly at variance with the obvious intent of Congress that income should be reported in such a manner upon an annual accounting basis as to reflect the truth. *Appeal of Consolidated Asphalt Co.*, 1 B. T. A. 79. In that decision we said:

> It would be an obvious distortion to return only the gross income actually received and deduct therefrom both the amounts paid out and the payments anticipated.

Such being our opinion, the determination of the Commissioner in the instant appeal must be affirmed.

---

## Appeal of EDWIN P. VEITCH.        Docket No. 1179.

In making his income-tax return for 1920 the taxpayer was entitled to deduct an amount of $6,386.68 from his income as a bad debt.

Submitted February 17, 1925; decided February 28, 1925.

*Edwin P. Veitch*, the taxpayer, *pro se.*

*W. F. Gibbs, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This is an appeal taken by the taxpayer from the Commissioner's deficiency letter dated October 25, 1924. The alleged deficiency results from disallowances by the Commissioner of an amount deducted by the taxpayer from his income in his income-tax return for 1920 as a bad debt. The taxpayer testified in his own behalf, and certain exhibits were offered in evidence. From the oral and documentary evidence the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is an individual residing in the city of New York, where he is engaged in business as an insurance broker. During the year 1920 he was acting through Upton & Co., Inc., an insurance brokerage concern, and, for the purpose of prestige, held the

title of vice president in that concern without being a stockholder. For several years prior to that time the taxpayer had been in the insurance brokerage business on his own account. All the business that he cleared through Upton & Co., Inc., while he was associated with that firm resulted from the taxpayer's individual solicitation as an insurance broker. The taxpayer's reason for clearing his business through Upton & Co., Inc., was that it left him free to solicit business and required none of his time to place his insurance with underwriters.

2. Premiums on insurance policies written by the taxpayer were collected and accounted for to the various underwriters by Upton & Co., Inc., while the taxpayer was employed by that concern. During the latter half of the year 1920 Upton & Co., Inc., became financially embarrassed. Toward the end of the year the taxpayer discovered that certain insurance premiums on business which was written by himself and paid to Upton & Co., Inc., by the insured had not been remitted by that company to the underwriting companies, and that the total of such defaulted payments amounted to $6,386.68.

3. The taxpayer paid the full amount of the defaulted premiums from his own funds. Upton & Co., Inc., recognized this payment as a debt it owed to the taxpayer, but its business was in the hands of its creditors, and before the end of the year 1920 it was clear that the taxpayer would not be able to collect any part of the ac- knowledged debt due him from Upton & Co., Inc., and he charged off the whole amount as a bad debt ascertained to be worthless during the year 1920.

4. Upon audit of the taxpayer's income-tax return the Commissioner disallowed the deduction of the $6,386.28 as a bad debt and treated it as a gift to the insurance companies, and thereby determined an additional tax liability of $142, and so notified the taxpayer in a deficiency letter mailed October 25, 1925.

DECISION.

The determination of the Commissioner is disapproved.

Appeal of HOWARD W. STARR. Docket No. 101.

Losses sustained by the taxpayer on sale of stock, determined.

Submitted December 6, 1924; decided February 28, 1925.

*Nicholas Danforth, Esq.,* for the taxpayer.

*A. H. Fast, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This appeal is from a determination by the Commissioner of a deficiency in income tax for the calendar year 1918. A hearing was